IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Case No. 14-_____

in re DAVID STEBBINS )
    Petitioner ) On petition for writ
     ) of mandamus
     )

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Petitioner David Stebbins, who hereby submits the following Petition for Writ of Mandamus against the United States District Court for the Eastern District of Virginia.

### The Relief Sought

1. Petitioner seeks an order for Judge Claude M. Hilton ("the District Judge") of the United States District Court for the Eastern District of Virginia ("the District Court") to pass judgment on two motions in two different cases. They are …

    (a) Defendant's Motion for Summary Judgment (Dkt. 25) in Case No. 14-961 in his Court.

    (b) Plaintiff's Motion for Joinder of Parties in Case No. 14-1267 in his Court.

### The Issues Presented

2. Has the District Court had enough time to determine if there are any issues to be tried in Case No. 14-961 in his Court?

3. Has the District Court had enough time to determine the last name of Carter the Supervisor and add him as a party?

**Facts Necessary to Understand the Issues Presented**

4.  On September 28, 2014, Petitioner filed a *pro se* Complaint against a Sterling, VA-based organization by the name of Educap, Inc., complaining that those people had filed a lawsuit against Plaintiff in his hometown, based on a debt he never entered into, just to extort settlement money out of him. This Virginia lawsuit (not the Arkansas one) was given Case No. 14-961 and was assigned to Judge Hilton.

5.  While attempting to contact the the United States Marshal Service to check on the status of the service of process on Educap (which they were ordered to do under the provisions of Fed.R.Civ.P. 4(c)(3)), Petitioner accidentally got routed to a rather grouchy prison guard without realizing it. This prison guard, upset at the way Petitioner was exercising his First Amendment rights, threatened to fabricate criminal charges in order to give him an excuse to "make [Petitioner] a member of the cellblock," where he could harass Petitioner to his heart's content.

6.  Petitioner aired a grievance against this agent's boss, who identified himself as "Carter the Supervisor," but did not give his last name. He expressly disavowed any intention of punishing the agent who threatened Petitioner in any way, shape, or form.

7.  Thus, Petitioner filed a second *pro se* Complaint against "Two Unknown Named Federal Agents," seeking damages against these two agents, pursuant to the precedent of *Bivens v. Six Uknown Named Federal Agents*, for the tort of First Amendment Retaliation.

8.  This lawsuit was received by the District Court on September 25, 2014, was given Case No. 14-1267, and was also assigned to Judge Hilton, who granted Petitioner leave to proceed *in forma pauperis* in that case on November 6, 2014.

9.  However, simultaneously with filing the Complaint and Application for Leave to Proceed *In Forma Pauperis*, Petitioner also filed a "Motion for Joinder of Parties," asking the District

Court to identify the last name of Carter the Supervisor, so he could be added as a party, and subsequently made to disclose the full name of the agent who he "talked to" about the threat, so that that agent could also be joined as a party.

10. Slightly less than a month later, Petitioner filed a Notice of Waiver of Right to Oral Argument, so the District Court could set the motion for ruling on the pleadings alone.

11. Meanwhile, in Case No. 14-961 (Stebbins v. Educap), the Defendant had appeared, through Counselor Margeaux Thomas, and immediately filed a Motion for Summary Judgment.

12. They have yet to file their answer to Complaint, since the Motion for Summary Judgment still requires a ruling before they are obligated to do that.

13. On November 20, 2014, Judge Hilton set the Motion for a ruling, entirely on the written pleadings (no oral argument) on November 21, 2014.

14. The ruling did not come on November 21, 2014. In fact, to this day, it still has not come.

15. Petitioner has repeatedly contacted Judge Hilton's chambers and advised them that, if it is taking this long for the District Court to decide, that is usually an indication that the underlying facts are disputed!

16. Meanwhile, the Motion for Joinder of Parties in case No. 14-1267 has not even so much as been set for ruling, let alone actually ruled on.

## Why the Writ Should Issue

17. The Writ of Mandamus is an extraordinary writ. However, one thing that is generally accepted as a valid use for it is to end District Court procrastination when it should issue a ruling, has had plenty of time to do so, but is holding out for whatever reason.

18. As Petitioner pointed out in Paragraph #15 of this Petition, if you have to search deep for any grounds you can to grant a motion for summary judgment, that is generally an indication that

the facts are disputed. A motion for summary judgment is supposed to only be granted if there simply is no genuine dispute of fact; whether or not that has been met should be obvious from the start. If it's not, then it's probably without merit.

19.　　Meanwhile, there is no reason why the District Judge – who works with the U.S. Marshal Service every day – would not know the names of all the people who work there. He would know all the people who are supervisors, and he would know instantly what the last name is for the supervisor who's first name is Carter. His delay on that motion – once the application for leave to proceed *in forma pauperis* has been granted – is 100% inexcusable.

## Conclusion

20.　　Wherefore, premises considered, Petitioner respectfully prays that this Petition for Writ of Mandamus be granted, and that the District Court be issued a proper warning that procrastination such as these are against public policy.

21.　　So requested on this 23rd day of December, 2014.

_____
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



U.S. Court of Appeals
1100 East Main Street,
Suite 501,
Richmond, VA 23219

David A. Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601